# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7101 | **DATE** | 2/8/2012 |
| **CASE TITLE** | Banks vs. Chicago Bd. of Education, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons given below, the Court grants Defendant Gonzales's motion to dismiss Counts I and II against her, but denies her motion to dismiss Count III. Status hearing set for 3/6/2012

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

### I. INTRODUCTION

Patricia Banks, former teacher at George Washington High School in Chicago ("George Washington"), has filed suit against the Chicago Board Of Education and George Washington principal Florence Gonzales. Banks alleges that she was subjected to considerable discriminatory and retaliatory treatment during her last few years of tenure at George Washington – the time that she worked under Gonzales. Plaintiff brings her claim under Title VII of the Civil Rights Act of 1964, 42 USC §1981, 42 USC §1983, the Illinois Whistleblower's Act, and the Illinois Personnel Records Act.

Defendant Gonzales has moved to dismiss Counts I, II and III of Plaintiff's complaint. Counts I and II allege a substantive violation of Title VII and retaliation for protected activity in violation of Title VII. Count III is styled as a count for the violation of substantive and procedural due process under 42 USC §1981. The requested relief under that Count, however, includes: a declaration that the actions of the Board of Education and Gonzales violated Title VII, injunctive relief, and damages and attorneys fees under Title VII and 42 USC §1988. Defendant Gonzales moves to dismiss all three counts on the ground that Title VII claims cannot be brought against Gonzales in her individual capacity, and that naming her in her official capacity is redundant where the relevant employer is also a defendant.

### II. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all well-pleaded facts in Plaintiff's Complaint and draws all inferences in her favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not allege "detailed factual allegations," but must offer more than conclusions or "a formulaic recitation of the elements of the cause of

## STATEMENT

action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Naked assertion[s] devoid of further factual enhancement" will not suffice – a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

### III. DISCUSSION

#### A. Counts I and II

Plaintiff concedes that Defendant Gonzales is not individually liable under 42 USC §§ 2000e-2 and 200e-3. Furthermore, it appears that nothing is gained by suing Gonzales in her official capacity, as the Board of Education is already a defendant. *Cf. Jungels v. Pierce,* 825 F.2d 1127, 1129 (7th Cir. 1987) (Under §1983, naming Mayor in his official capacity, in addition to the city, is equivalent to simply suing city). Accordingly, Counts I and II are dismissed as to Defendant Gonzales.

#### B. Count III

As to Count III, Plaintiff argues that Defendant Gonzales may be individually liable under §1981, and thus that Count III should not be dismissed. For support, Plaintiff identifies a number of other district court cases holding chief corporate officers liable under §1981 even where they could not be liable under Title VII. *See Matthews v. Marten Transp., Ltd*., 354 F.Supp.2d 899, 903-04 (W.D.Wis. 2005).

In reply, Defendant Gonzales argues that Count III does not allege a claim under § 1981, because although the Count is styled a §1981 claim, the prayer for relief only refers to Title VII. Gonzales argues that she is "entitled to rely on the allegations in Plaintiff's complaint," but without offering any supporting authority. Gonzales admits that this jurisdiction requires only notice pleading, but seems to imply that where a plaintiff affirmatively requests relief under a particular statute, the plaintiff is bound by that request. However, the Seventh Circuit has noted that citing the wrong theory or statute in a complaint is not a fatal mistake, provided that it is timely corrected. *Hatmaker v. Memorial Medical Center,* 619 F.3d 741, 743 (7th Cir. 2010). Defendant Gonzales has identified no prejudice that she would suffer by allowing such a correction at this early stage in litigation. Accordingly, the Court will not dismiss Count III as to Defendant Gonzales.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant Gonzales's motion to dismiss Counts I and II against her, but denies the motion to dismiss Count III.