# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PATRICIA BANKS,**<br><br>               **Plaintiff,**<br><br>      v.<br><br>**THE CHICAGO BOARD OF EDUCATION,**<br>**a Local Public Entity, and**<br>**FLORENCE GONZALES, an**<br>**Individual,**<br><br>               **Defendants.** | Case No. 11 C 7101<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Chicago Board of Education and Florence Gonzales' Bill of Costs. For the reasons stated herein, the Court awards Defendants $2,898.50 in costs.

## I. BACKGROUND

Plaintiff Patricia Banks ("Plaintiff") filed a six-count Complaint alleging violations of Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981 against the Defendants Chicago Board of Education and Florence Gonzales (collectively, the "Defendants"). In Plaintiff's Complaint, she alleged Defendants discriminated against her on the basis of race, retaliated against her, and violated her substantive and procedural due process rights.

On March 12, 2013, the Court granted Defendants' Motion for Summary Judgment on all counts. On April 11, 2013, Defendants

filed a Bill of Costs requesting that the Court award $3,520.90 in costs. In response, Plaintiff asserted various objections to the costs and alternatively requested that the Court stay the costs pending appeal. Defendants disagree with a substantial portion of Plaintiff's objections, but have offered to reduce costs to $2,900.90. Defendants also oppose Plaintiff's request to stay the execution of costs.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). While it is well established that a district court may not award costs under Rule 54(d) unless a federal statute authorizes an award, Title VII is a statute that permits prevailing parties to receive costs. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007); 42 U.S.C. §2000e-5(k). The list of recoverable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees . . . ; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. . . .

28 U.S.C. § 1920.

However, to receive an award the prevailing party must establish that the costs are "both reasonable and necessary to the litigation . . . " *Little v. Mitsubishi Motors N. Am.,* 514 F.3d 699, 702 (7th Cir. 2008). After the prevailing party makes such a showing, "the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F.Supp.2d 939, 944 (N.D. Ill. 2012) (citations omitted). Ultimately, it is within the Court's discretion on whether to award costs. *Id.*

### III. <u>ANALYSIS</u>

Defendants seek an award of costs in the amount of $2,900.90. They seek $110.00 in subpoena fees, $125.00 in witness fees, $541.20 for copy costs, and $2,124.70 in deposition transcript costs. The Court will address each in turn.

#### A. Subpoena Fees

Defendants seek $110.00 in subpoena fees for service of summonses and subpoenas. A prevailing party is entitled to costs for service of subpoenas pursuant to 28 U.S.C. § 1920(1) so long as such subpoenas are both "reasonable and necessary" to the case. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). While Plaintiff

complained that Defendants' initial request exceeded the $55.00 that the U.S. Marshall's Office charges, Defendants agreed to reduce their costs to $55.00 for each subpoena. Defendants' have submitted sufficient documentation and the Court finds an award of $110.00 appropriate.

### B. Witness Fees

Defendants seek $125.00 in witness fees. Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee and compensation for mileage traveled. *See, Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, 11 C 4990, 2013 WL 2384251 at *4 (N.D. Ill. May 30, 2013). Such costs are recoverable for a prevailing party under 28 U.S.C. § 1920. Defendants have provided copies of the checks issued to all five witnesses that they seek to be reimbursed for. The Court finds this documentation sufficient and awards these costs.

### C. Copy Costs

Defendants also request $541.20 in copy and exemplification costs. Defendants submit that $206.40 of this amount reflects the courtesy copies Defendants provided to the Court. While it is true that costs for courtesy copies are recoverable, "[t]he only court papers whose copying was reasonably necessary were those for which Local Rule 5.2(f) required [Defendants] to submit a courtesy copy." *Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363 at *4 (N.D. Ill. May 10, 2013). Local Rule 5.2(f) excludes appearance forms,

motions to appear *pro hac vice* and returns of service. Defendants have included attorney appearance forms in the $206.40. Such costs are not appropriate. Thus, the Court subtracts this amount from these costs and awards $204.00 in copying costs for courtesy copies.

The remaining $334.80 in copying costs amount to copies of documents produced in discovery. Initially, Defendants sought $408.00 for such costs. They claimed they produced 2,040 pages of discovery and paid copying costs at a rate of $.20 per page. However, after Plaintiff stated that she only had received 1,674 pages through discovery, Defendants agreed to reduce the award to reflect that number.

It is well established that "[t]he expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *Allen*, 2013 WL 1966363 at *4. Courts in this District have found $.20 per page to be within the reasonable range of costs. *See, e.g.*, *Grayson v. City of Chicago,* No. 97-C-0558, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003) ("Copy rates of between $0.10 and $0.20 per page have been found to be reasonable."). After reviewing Defendants' documentation, the Court finds it both sufficient and reasonable and awards these costs. *See, Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.,* No. 09-CV-7231, 2013 WL 147014 at *7 (N.D. Ill. Jan. 11, 2013) (finding an award of copying costs appropriate where the

prevailing party identified the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost."). Accordingly, the Court awards $538.80 in copying costs.

### D. Deposition Transcript Costs

Finally, Defendants seek $2,124.70 in deposition transcript costs. This amount reflects the deposition transcripts for Plaintiff, Defendant Gonzales, James Archambeau, and Lezza Anderson-Irby. Plaintiff objects that the transcript for Anderson-Irby is unnecessary and also claims that the costs associated with appearance fees of court reporters is impermissible.

A prevailing party is entitled to recover deposition transcript costs "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Recovery, however, is limited pursuant to Local Rule 54.1 and the copy rate established by the Judicial Conference of the United States. *See* L.R. 54.1(b). In order to justify an award of costs "[t]ranscripts need not be absolutely indispensable." *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 975 (N.D. Ill. 2010) (citations omitted). Instead, a prevailing party only must demonstrate that they were "reasonably necessary." Reasonable necessity is determined by the "facts known at the time of the deposition." *Id.*

Defendants aver that the deposition of Anderson-Irby was reasonably necessary because they relied on and referenced it in

their summary judgment motion. Indeed, the Court referenced the events to which Ms. Irby testified in its opinion. *See* Mem. Opinion and Order at 5-6, ECF No. 66. As a result, the Court finds the deposition reasonably necessary and awards $292.00 for the transcript. *See, Hruska v. Forest Pres. Dist. of Cook Cnty., Ill.*, 10 C 7433, 2013 WL 1984476 at *1 (N.D. Ill. May 10, 2013) (finding that deposition transcripts were reasonably necessary where the prevailing party referenced the depositions in their motion for summary judgment).

With respect to the depositions of Banks, Gonzales, and Archambeau the Court also finds the costs recoverable. All of these transcripts reflect a per page cost under the Judicial Conference's $3.65 per page limit and are therefore reasonable. *See, Pugh v. Bd. of Educ. of City of Chi.,* No. 10-C-4115, 2012 WL 5199629 at *3 (N.D. Ill. Oct. 22, 2012). Accordingly, the Court awards $2,124.70 in deposition transcript costs.

**E. Plaintiff's Request to Stay Enforcement of Costs**

Plaintiff urges the Court to stay the execution of costs pending the appeal. She claims that Defendants will not suffer any prejudice if the court orders a stay. However, it is well established that "district court[s] may award costs even while a substantive appeal is pending." *Dishman v. Cleary*, 279 F.R.D. 460, 465 (N.D. Ill. 2012). Moreover, "[t]he Seventh Circuit disfavors the piecemeal appeals that may arise when district courts are

prevented from ruling promptly on post judgment fees motions. *See, Am. Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2011 WL 6378817 at *6 (N.D. Ill. Dec. 20, 2011). Courts in this District have followed this approach when determining an award of costs. *See id.* Plaintiff fails to offer any reasons why proceeding in a piecemeal fashion is appropriate. Accordingly, the Court declines to stay the award, and instead grants Defendants $2,898.50 in costs.

## IV. CONCLUSION

For the foregoing reasons, the Court awards Defendants costs in the amount of $2,898.50.

**IT IS SO ORDERED.**

------

Harry D. Leinenweber, Judge
United States District Court

Date: July 24, 2013